NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNIVERSITY SPINE CENTER, *On assignment of William S.* Plaintiff, v. BLUE SHIELD OF CALIFORNIA, Defendant. | Civil Action No.: 17-8673 (JLL) OPINION |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendant Blue Shield of California's ("Defendant") Motion to Dismiss Plaintiff University Spine Center's ("Plaintiff") Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 3). Plaintiff has submitted opposition and Defendant has submitted a reply. (ECF Nos. 4, 5). For the reasons stated herein, the Court grants Defendant's Motion to Dismiss Plaintiff's Complaint.

## BACKGROUND

On July 7, 2015, Plaintiff, a healthcare provider located in New Jersey, provided medical services for William S. ("Patient"). (ECF No. 1-1 ("Compl.") ¶¶ 1, 4). Plaintiff obtained an assignment of benefits from Patient in order to bring this claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002, *et seq.* (*Id.* ¶ 6). Pursuant to the assignment of benefits, Plaintiff asserts that it prepared Health Insurance Claim Forms ("HICFs")

formally demanding reimbursement from Defendant in the amount of $153,363.00 for the medical services provided by Plaintiff to Patient. (*Id.* ¶ 7). Plaintiff alleges that Defendant only paid $9,258.53 for the aforementioned treatment. (*Id.* ¶ 8). Thereafter, Plaintiff avers that it engaged in the applicable administrative appeals process maintained by Defendant. (*Id.* ¶ 9). Plaintiff additionally asserts that it requested, among other items, a copy of the Summary Plan Description, Plan Policy, and identification of the Plan Administrator/Plan Sponsor. (*Id.* ¶ 10). Defendant denied Plaintiff's appeal and did not remit the remaining balance of $144,104.12. (*Id.* ¶ 13). Additionally, Plaintiff alleges that Defendant did not produce the documents Plaintiff requested. (*Id.* ¶ 11).

In light of the foregoing, Plaintiff's Complaint alleges the following claims: (1) Breach of Contract[1]; (2) Failure to make all Payments pursuant to Member's Plan under 29 U.S.C. § 1132(a)(1)(B); and (3) Breach of Fiduciary Duty under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1), and 29 U.S.C. § 1105(a). (*Id.* ¶¶ 15–38). Accordingly, Defendant filed this Motion to Dismiss.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12 (b)(1), the Court must dismiss a complaint if it lacks subject matter jurisdiction. "Ordinarily, Rule 12(b)(1) governs motions to dismiss for lack of standing, as standing is a jurisdictional matter." *N.J. Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 n.3 (3d Cir. 2015). However, when statutory limitations to sue are non-jurisdictional, as is the case where a party claims derivative standing to sue under ERISA § 502(a), a motion to dismiss challenging such standing is "properly filed under Rule 12(b)(6)." *Id.*

---

[1] Plaintiff has agreed to voluntarily dismiss Count I. (ECF No. 4 at 4). Therefore, the Court need not analyze this claim and grants Defendant's Motion to Dismiss Count I.

2

Regardless, "a motion for lack of statutory standing is effectively the same whether it comes under Rule 12(b)(1) or 12(b)(6)." *Id.* (citation omitted).

On a motion to dismiss for lack of standing, the plaintiff "'bears the burden of establishing' the elements of standing, and 'each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.'" *FOCUS v. Allegheny Cty. Ct. Com. Pl.*, 75 F.3d 834, 838 (3d Cir. 1996) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). "For the purpose of determining standing, [the court] must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the complaining party." *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

## DISCUSSION

Under § 502 (a) of ERISA "a participant or beneficiary" may bring a civil action to, *inter alia*, "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). Accordingly, standing to sue under ERISA is "limited to participants and beneficiaries." 29 U.S.C. § 1132(a)(3); *see also Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400–01 (3d Cir. 2004) (holding that ERISA is limited to participants and beneficiaries and that if plaintiff lacks standing to sue under ERISA, then the Court also lacks federal subject matter jurisdiction to hear the claim);

As ERISA is silent on the issue of standing, Third Circuit precedent sets forth that a healthcare provider may bring a cause of action by acquiring derivative standing through an

assignment of rights from the plan participant or beneficiary to the healthcare provider. *N.J. Brain & Spine Ctr.*, 801 F.3d at 372. "Healthcare providers that are neither participants nor beneficiaries in their own right may obtain derivative standing by assignment from a plan participant or beneficiary." *Id.* (citing *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 176 n.10 (3d Cir. 2014)).

As a consequence, the issue presently before this Court hinges upon whether Patient successfully assigned his rights to Plaintiff under the terms of Defendant's insurance plan. Defendant argues that any purported assignment of right from Patient, the plan participant, is void since the applicable health benefits plan contains an anti-assignment clause that expressly prohibits Patient from assigning his rights and/or benefits without Defendant's consent. (ECF No. 3-1 at 2). In response, Plaintiff argues that the purported anti-assignment clause is unenforceable. (ECF No. 4 at 1). Plaintiff supports its argument with the following two assertions: (1) the anti-assignment clause is inapplicable to the Plaintiff and therefore the Defendant's standing argument fails; and (2) Defendant has waived any purported anti-assignment clause through a course of dealing with Plaintiff. (*Id.*). For the reasons discussed herein, the Court agrees with Defendant that the anti-assignment clause bars Plaintiff from bringing this action.

I. **Applicability of Anti-Assignment Provision**

Patient's insurance plan contains an anti-assignment clause, which states that "Coverage or any Benefits of this Plan may not be assigned without the written consent of Blue Shield." (ECF No. 3-6 at 61). Defendant claims that it did not give consent for Patient to assign his benefits to Plaintiff and, therefore, the anti-assignability clause applies and Plaintiff lacks standing. (ECF No. 3-1 at 9).

In opposition, Plaintiff argues that the anti-assignment clause is unenforceable against it as a health care provider, relying on a decision from the Court of Appeals for the Fifth Circuit. (ECF No. 4 at 7). This Fifth Circuit decision interpreted anti-assignment clauses, such as the one at issue here, to apply only to third-party assignees who may obtain assignments to cover unrelated debts. *Hermann Hosp. v. MEBA Med. & Benefits Plan*, 959 F.2d 569, 575 (5th Cir. 1992) ("We interpret the anti-assignment clause as applying only to unrelated, third-party assignees—other than the health care provider of assigned benefits—such as creditors who might attempt to obtain voluntary assignments to cover debts having no nexus with the Plan or its benefits, or even involuntary alienations such as attempting to garnish payments for plan benefits."), *overruled on other grounds by Access Mediquip, L.L.C. v. United Health Care Ins. Co.*, 698 F.3d 229 (5th Cir. 2012).

Though the Third Circuit has not specifically spoken on the enforceability of anti-assignment clauses in ERISA-governed plans, a majority of circuits and district courts in the Third Circuit have given effect to anti-assignment provisions and denied standing. *See, e.g., Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1295–96 (11th Cir. 2004) ("[A]n unambiguous anti-assignment provision in an ERISA-governed welfare benefit plan is valid and enforceable."); *LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.*, 298 F.3d 348 (5th Cir. 2002) (reversing district court and holding that anti-assignment clause in ERISA plan was enforceable); *City of Hope Nat'l Med. Ctr. v. HealthPlus Inc.*, 156 F.3d 223, 229 (1st Cir. 1998) ("[W]e hold that ERISA leaves the assignability or non-assignability of health care benefits under ERISA-regulated welfare plans to the negotiations of the contracting parties."); *St. Francis Reg'l Med. Ctr. v. Blue Cross & Blue Shield of Kan., Inc.*, 49 F.3d 1460, 1464–65 (10th Cir. 1995) ("ERISA's silence on the issue of assignability of insurance benefits leaves the matter to the agreement of the contracting parties."); *Davidowitz v. Delta Dental Plan,*

5

*Inc.*, 946 F.2d 1476, 1481 (9th Cir. 1991) ("The court concludes that ERISA welfare plan payments are not assignable in the face of an express non-assignment clause in the plan."); *Advanced Orthopedics & Sports Med. v. Blue Cross Blue Shield of Mass.*, No. 14-7280 (FLW), 2015 U.S. Dist. LEXIS 93855, at *9 (D.N.J. July 20, 2015) ("[C]ourts routinely enforce anti-assignment clauses contained in ERISA-governed welfare plans."); *Prof'l Orthopedic Assocs., PA v. CareFirst BlueCross BlueShield*, No. 14-4486 (MAS), 2015 U.S. Dist. LEXIS 84996, at *10 (D.N.J. June 30, 2015) ("[T]he majority of circuits addressing the [anti-assignment enforceability] question as well as other courts in this district have considered the issue and held such provisions to be enforceable."); *Specialty Surgery of Middletown v. Aetna*, No. 12-4429 (JLL), 2014 U.S. Dist. LEXIS 85371, at *10 (D.N.J. June 24, 2014) ("Courts in the District of New Jersey have thus far held that unambiguous anti-assignment provisions in group healthcare plans are valid and enforceable.").

In light of the foregoing, the Court has carefully reviewed the anti-assignment provision and finds it to be clear and unambiguous. *See Cohen v. Horizon Blue Cross Blue Shield of N.J.*, No. 15-4525 (JLL), 2015 U.S. Dist. LEXIS 140344, at *11 (D.N.J. Oct. 15, 2015) (citing *Somerset Orthopedic Assocs., P.A. v. Horizon Blue Cross & Blue Shield of N.J.*, 345 N.J. Super. 410, 422–23 (App. Div. 2001)). In fact, nearly identical anti-assignment language was recently upheld as enforceable in this district against a purported assignee seeking recovery from a health plan based on alleged underpayments. *See Kayal Orthopaedic Ctr., P.C. v. Empire Blue Cross Blue Shield*, No. 16-9059 (CCC), 2017 U.S. Dist. LEXIS 153763, at *7 (D.N.J. Sep. 21, 2017) ("The coverage and any benefits under the Plan are not assignable by any Member without the written consent of the Plan . . . ."). Therefore, the Court concludes that the anti-assignment clause is valid and enforceable against Plaintiff.

## II. Waiver of Anti-Assignment Provision

Plaintiff contends in its opposition that Defendant waived enforceability of the anti-assignment clause through its direct course of dealing with Plaintiff. (ECF No. 4 at 8). Relying on New Jersey Law, Plaintiff states that an anti-assignment clause "may be waived by a written instrument, a course of dealing, or even passive conduct, *i.e.*, taking no action to invalidate the assignment *vis-a-vis* the assignee." (*Id.* (citing to *Garden State Bldgs., L.P. v. First Fid. Bank, N.A.*, 305 N.J. Super. 510, 524 (App. Div. 1997)). However, Plaintiff fails to acknowledge the overarching pleading requirements under Supreme Court precedent. *See Iqbal*, 556 U.S. at 129; *Twombly*, 550 U.S. at 570. As this Court has previously held:

> Even assuming that a party such as [Defendant] may waive an anti-assignment clause, the Complaint is entirely devoid of specific allegations of fact to support such a claim. Instead, the Complaint merely alleges in summary fashion that Plaintiffs submitted this claim to [Defendant] and that [Defendant] has failed to pay despite Plaintiffs filing an appeal. Again, this type of conclusory pleading is prohibited under *Iqbal* and *Twombly*, and Plaintiffs cannot supplement the Complaint through their opposition brief.

*Cohen*, 2015 U.S. Dist. LEXIS 140344 at *11–12 (citing *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)).

The Court remains consistent in its holding. Similar to *Cohen*, Plaintiff's Complaint merely asserts that Plaintiff submitted a claim to Defendant and that Defendant failed to remit a proper payment despite Plaintiff's appeal. (Compl. ¶¶ 7–11). Therefore, the Court finds that it lacks any allegations of fact sufficient to support a claim of waiver against Defendant. *See Atl. Spinal Care v. Shield*, No.13-3159 (JLL), 2013 U.S. Dist. LEXIS 93251, at *14 (D.N.J. July 1, 2013) (stating that a single communication between Plaintiff and Defendant did not rise to the

level of establishing a "course of dealing.") (citing *Premier Health Ctr., P.C. v. United Health Grp.*, No. 11-425 (ES), 2012 U.S. Dist. LEXIS 44878, at *28 (D.N.J. Mar. 30, 2012)). Based on this reasoning, the Court concludes that Defendant has not waived the anti-assignment clause and, therefore, Plaintiff does not have standing to bring this case.

## CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss Plaintiff's Complaint is hereby granted. An appropriate Order accompanies this Opinion.

Date: November 16, 2017

**JOSE L. LINARES**
Chief Judge, United States District Court